*Before the*
### UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Consumers' Research, et al. ) | |
| ) | |
| v. ) | |
| ) | No. 22-60363 |
| Federal Communications Commission ) | |
| and the ) | |
| United States of America ) | |

### UNOPPOSED MOTION FOR LEAVE TO INTERVENE

The Benton Institute for Broadband & Society (Benton), the National Digital Inclusion Alliance (NDIA) and the Center for Media Justice dba MediaJustice (Media Justice), pursuant to 28 U.S.C. §2348, Rule 15(d) of the Federal Rules of Appellate Procedure, and Rule 15.3.3(b) of the Rules of the U.S. Court of Appeals for the Fifth Circuit, seek leave to intervene in the above-captioned proceeding in support of Respondents. The Petition for Review in this proceeding was docketed on June 28, 2022. Accordingly, this Motion for Leave to Intervene is timely filed pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure.

Counsel for Respondents Federal Communications Commission (FCC) and the United States have stated that the government parties consent to the grant of this motion. Counsel for the Petitioners has also stated that his clients will consent the grant of this motion.

Petitioners have brought this proceeding to challenge the Federal Communications Commission's Universal Service Fund (USF).

Benton is a 40 year-old, 501(c)(3) private operating foundation that conducts research and engages in advocacy to bring "open, affordable, high-performance broadband to all people in the U.S. to ensure a thriving democracy." Benton provides information and analyses about broadband policy. Maintaining, funding and improving the USF are among its highest priorities. Its mission would be significantly impaired if the USF were abolished. Benton would incur significant expenses revising its publications and educational materials and substantial personnel expenses in devising alternative mechanisms to insure that all Americans have access to affordable broadband service.

NDIA is a non-profit 501(c)(3) organization supporting a community of digital inclusion practitioners and advocates who engage in local and state-level efforts across the US to promote equitable internet access, adoption, and use for low- and moderate-income households and communities, whether urban, rural, or Tribal. NDIA acts on behalf of its affiliates in various policy proceedings relating to broadband deployment and connectivity, including programs funded by the USF. It also advances digital equity by supporting and promoting the work of organizations engaged in digital inclusion work, and educating policymakers and the public about digital equity. NDIA currently has 625 affiliate organizations

who are located in 46 states. Many of NDIA's affiliates directly support people and institutions who use programs that enable users to obtain more affordable access to communications services and technology, such as Lifeline and E-Rate, which are funded by the Universal Service Fund (USF). Accordingly, NDIA and its affiliates will incur significant injury if this Court were to grant the relief requested by Petitioners.

The Center for Media Justice dba MediaJustice is a non-profit, 501(c)(3) organization organized in 2009. It is dedicated to democratizing the economy, government, and society through policies and practices that, among other things, ensure democratic media ownership, fundamental communication rights, universal media and technology access at affordable prices. MediaJustice has a network of over one hundred local, regional, or statewide affiliate social-justice organizations. Through research, the publishing and dissemination of reports, trainings, and strategic convenings and technical support, MediaJustice seeks to build a movement for a more just and participatory digital world. MediaJustice and its affiliates directly support programs that enable users to obtain more affordable access to communications services and technology, including the Lifeline and E-Rate programs funded by the USF. MediaJustice and its affiliates will suffer severe harm if the people they serve no longer have access to USF funded programs. In addition, MediaJustice and its affiliates will incur significant

expense if they have to revise their programs, publications and

As set forth above, the interests of Benton, NDIA and MediaJustice will be adversely affected if the Petitioners prevail in this case, and are thereby qualified to intervene.  28 USC §2348.

The interests of Benton, NDIA and MediaJustice are based on their mission of expanding awareness and use of USF programs.  These interests complement, but are different from, the interests of the governmental Respondents.  As such, the governmental Respondents will not be able to represent adequately all the interests of Benton, NDIA and MediaJustice.

For the foregoing reasons, Benton, NDIA and MediaJustice respectfully request that the Court grant leave to intervene in support of Respondents FCC and the United States, and grant all such other relief as may be just and proper.

    Respectfully submitted,

    /s/ Andrew Jay Schwartzman

    Andrew Jay Schwartzman
    1341 G Street, NW
    5th Floor
    Washington, DC 20005
    (202) 241-2408
    AndySchwartzman@gmail.com

July 22, 2022

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in Fifth Circuit Rule 28.2. 1 have an interest in the outcome of this case. The representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

USTelecom - The Broadband Association
NTCA - The Rural Broadband Association
Competitive Carriers Association
Schools, Health, & Libraries Broadband Coalition
> Intervenors in Consumers' Research v. FCC, No. No. 21-3886 (Sixth Circuit), Consumers' Research v. FCC, No. No. 22-60008 (Fifth Circuit), Consumers' Research v. FCC, No. No. 22-60195 (Fifth Circuit)


Jennifer Tatel
Craig E. Gilmore
Michael D. Miller
Wilkinson Barker Knauer, LLP
> Counsel for USTelecom - The Broadband Association; NTCA - The Rural Broadband Association and Competitive Carriers Association (Intervenors in Consumers' Research v. FCC, No. No. 21-3886 (Sixth Circuit), Consumers' Research v. FCC, No. No. 22-60008 (Fifth Circuit) and Consumers' Research v. FCC, No. No. 22-60195 (Fifth Circuit)

Stephanie Weiner
Jason Neal
Harris, Wiltshire & Grannis LLP
> Counsel for the Schools, Health, & Libraries Broadband Coalition (Intervenors in Consumers' Research v. FCC, No. No. 21-3886 (Sixth Circuit), Consumers' Research v. FCC, No. No. 22-60008 (Fifth Circuit) and Consumers' Research v. FCC, No. No. 22-60195 (Fifth Circuit)

Consumers' Research
Cause Based Commerce, Inc.
Kersten Conway
Suzanne Bettac
Robert Kull
Kwang Ja Kirby
Tom Kirby
Joseph Bayly
Jeremy Roth
Deanna Roth
Lynn Gibbs
Paul Gibbs
Rhonda Thomas
    Petitioners in Consumers' Research v. FCC,  No. 21-3886 (Sixth Circuit) and/or Consumers' Research v. FCC, No. No. 22-60008 (Fifth Circuit) and/or Consumers' Research v. FCC, No. No. 22-60195 (Fifth Circuit)

C. Boyden Gray
Jonathan Berry
R. Trent McCotter
Michael Buschbacher
Jared M. Kelson
Boyden Gray & Associates
    Counsel for Petitioners in Consumers' Research v. FCC, No. No. 21-3886 (Sixth Circuit), Consumers' Research v. FCC, No. No. 22-60008 (Fifth Circuit) and Consumers' Research v. FCC, No. No. 22-60195 (Fifth Circuit)

    Respectfully submitted,

    /s/ Andrew Jay Schwartzman

    Andrew Jay Schwartzman

    1341 G Street, NW
    5th Floor
    Washington, DC 20005
    (202) 241-2408
    AndySchwartzman@gmail.com

July 22, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2022, I electronically filed the foregoing Unopposed Motion for Leave to Intervene with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
1341 G Street, NW
5th Floor
Washington, DC 20005
(202) 241-2408
AndySchwartzman@gmail.com

July 22, 2022

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with [the type-volume limit of FED. R. APP. P. 28(d)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f):

    **X**  this document contains 707 words, **or**

    ☐  this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

    **X**  this document has been prepared in a proportionally spaced typeface using WordPerfect X9 in 14 point Times Roman, or

    ☐  this document has been prepared in a monospaced typeface using _____ with _____.


s/ Andrew Jay Schwartzman

Attorney for Benton Institute for Broadband & Society, National Digital Inclusion Alliance and Media Justice.

Dated: July 22, 2022
_____