# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS,<br><br>Petitioners,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA,<br><br>Respondents. | No. 22-60363 |

## PETITIONERS' RESPONSE TO USTELECOM, NTCA, AND CAA'S MOTION TO INTERVENE

# CERTIFICATE OF INTERESTED PERSONS

*Consumers' Research et al. v. Federal Communications Commission et al.*

No. 22-60363

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioners*

1. Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Kersten Conway

4. Suzanne Bettac

5. Robert Kull

6. Kwang Ja Kirby

7. Tom Kirby

8. Joseph Bayly

9. Jeremy Roth

    10.    Deanna Roth

    11.    Lynn Gibbs

    12.    Paul Gibbs

    13.    Rhonda Thomas

*Respondents*

    14.    Federal Communications Commission

    15.    United States of America

*Intervenors*

    16.    Benton Institute for Broadband & Society

    17.    National Digital Inclusion Alliance

    18.    Center for Media Justice (d/b/a MediaJustice)

*Counsel*

    19.    Boyden Gray & Associates PLLC: C. Boyden Gray, R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson are counsel for Petitioners.

    20.    Federal Communications Commission: James M. Carr, Adam Crews, and Jacob M. Lewis are counsel for Respondent FCC.

    21.    United States Department of Justice: Gerard J. Sinzdak is counsel for Respondent United States of America.

22. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice (d/b/a MediaJustice).

Dated: August 16, 2022 /s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

## ARGUMENT

Petitioners do not oppose the motion to intervene filed by USTelecom, NTCA, and CAA—but Petitioners do wish to flag several potentially thorny timeliness issues for the Court's awareness and consideration.

The Petition in this case was filed June 27, 2022, and docketed June 28, 2022. *See* Agency Case Docketed, No. 22-60363 (5th Cir. June 28, 2022) (noting receipt and docketing dates). USTelecom, NTCA, and CAA filed their motion to intervene on August 16, 2022—*i.e.*, 50 days after the Petition was filed.

The first potentially relevant timeliness provision is the statute applying to Circuit Court review of matters arising from the Federal Communications Commission. Under 47 U.S.C. § 402(e), a motion to intervene in an "appeal" arising from the FCC must be filed "[w]ithin thirty days after the filing of any such appeal" and must comply with several other specified requirements. However, § 402 distinguishes "appeals" filed in the D.C. Circuit (under § 402(b)) from "petitions" filed in any of the regional Circuit Courts (under § 402(a)). *See, e.g., Vernal Enterprises, Inc. v. FCC*, 355 F.3d 650, 655 (D.C. Cir. 2004). The case *sub judice* is a "petition" brought pursuant to § 402(a). *See* Petition for Review 2, No. 22-60363 (5th Cir. June 28, 2022). Because § 402(e)'s requirements expressly apply only to "appeals," it seems those requirements (including the 30-day deadline to seek intervention) do not apply to this "petition." If that is correct, the Court need not

resolve whether § 402(e) is jurisdictional or under what circumstance it is subject to extension or tolling.

Assuming § 402(e) does not apply, Federal Rule of Appellate Procedure 15(d) sets the timeliness requirement for this case. Rule 15(d) likewise states that a motion to intervene in an agency-review case "must be filed within 30 days after the petition for review is filed." Fed. R. App. P. 15(d). As noted above, the intervention motion here was filed 50 days after the Petition and thus does not comply with Rule 15(d).

Although this timeliness issue arises not infrequently in challenges to agency actions, it appears only the Sixth Circuit has expressly analyzed in a published opinion whether Rule 15(d)'s deadline is jurisdictional—and concluded that it is not. *See Int'l Union of Operating Engineers, Loc. 18 v. NLRB*, 837 F.3d 593, 596 (6th Cir. 2016). Petitioners agree with the Sixth Circuit's analysis.

If this Court disagrees with the Sixth Circuit and concludes that Rule 15(d) is jurisdictional, it should dismiss or deny the motion to intervene.

But if this Court agrees with the Sixth Circuit that Rule 15(d)'s deadline is not jurisdictional, the Court can extend the deadline for "good cause" shown. Fed. R. App. P. 26(b). Petitioners take no position on whether good cause has been shown here, *see, e.g., Krupp Int'l, Inc. v. U. S. Int'l Trade Comm'n*, 644 F.2d 869, 872 (C.C.P.A. 1981) (the Federal Circuit's predecessor denying a motion to retroactively extend time under Rule 15(d) even though the case involved a confusing set of

deadlines due to numerous appeals and cross-appeals from the underlying agency action), but Petitioners do not oppose the motion to intervene and acknowledge no prejudice will result from granting the motion at this time.

Another relevant provision is this Court's Rule 15.5, which states that a motion to intervene under Rule 15(d) "should be filed promptly after the petition for review of the agency proceeding is filed, but *not later than 14 days prior to the due date of the brief of the party supported by the intervenor*." 5th Cir. R. 15.5 (emphasis added). The putative intervenors in this case point to the italicized portion and suggest that it *automatically* authorizes even those intervention motions filed beyond Rule 15(d)'s 30-day window. *See* Motion to Intervene 1 n.1. But if that were true, Fifth Circuit Rule 15.5 would conflict with Rule 15(d) by creating a lengthy standing extension of Rule 15(d), which says such motions "must" be filed within 30 days of the Petition. The Supreme Court has held that Circuit Courts cannot use their supervisory powers to issue circuit rules that "conflict with or circumvent a Federal Rule," including the Rules of Appellate Procedure. *United States v. Tsarnaev*, 142 S. Ct. 1024, 1036 (2022). This is a statutory requirement. *See* 28 U.S.C. § 2071(a) ("[A]ll courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and *rules of practice and procedure prescribed under section 2072 of this title*.") (emphasis added); *see also Burlington N. R. Co. v. Woods*, 480 U.S. 1, 5 n.3 (1987)

3

(noting that the Federal Rules of Appellate Procedure were promulgated pursuant to § 2072). For the same reasons, although a Circuit Court can suspend the Rules of Appellate Procedure "in a particular case" for compelling reasons, Fed. R. App. P. 2, a Circuit Court cannot do so on a standing basis.

Given this, perhaps the best reading of Fifth Circuit Rule 15.5 is that (1) motions filed during the interval *after* Rule 15(d)'s 30-day window but at least "14 days *prior* to the due date of the brief of the party supported by the intervenor" are eligible for an extension but will have to demonstrate the standard requirement of "good cause" pursuant to Rule 26, as discussed above; but (2) any motion to intervene filed after that point will not be granted at all. If this is the proper interpretation of Fifth Circuit Rule 15.5, the relevant consideration here is whether the putative intervenors have demonstrated "good cause," as their motion to intervene was filed more than 30 days after the Petition was filed but at least 14 days prior to the brief of the parties they support (i.e., Respondents).

* * *

For all these reasons, although USTelecom, NTCA, and CAA's motion to intervene facially appears to present a simple question, it actually may implicate several thorny procedural issues. Petitioners raise these issues for the Court's awareness, even though Petitioners ultimately do not oppose the motion because

they do not believe the 30-day deadline is jurisdictional and because intervention would not prejudice Petitioners.

The Court may wish to issue an opinion to provide guidance in future cases involving these issues, as the Sixth Circuit did in *International Union*. Although this case has presumably not yet been assigned to a three-judge panel, Judges of this Court have authority to issue in-chambers opinions on procedural matters such as this. *See, e.g., United States v. Emeary*, 794 F.3d 526 (5th Cir. 2015) (Dennis, J., in chambers) (recalling mandate in criminal case); *United States v. Emeary*, 773 F.3d 619 (5th Cir. 2014) (Dennis, J., in chambers) (declining to recall mandate in criminal case).

Dated: August 16, 2022                          Respectfully submitted,

/s/ R. Trent McCotter

R. TRENT MCCOTTER
  *Counsel of Record*
BOYDEN GRAY & ASSOCIATES
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 1114 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman and 14-point font.

Dated: August 16, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ R. Trent McCotter

　　　　　　　　　　　　　　　　　　　　*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

Dated: August 16, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ R. Trent McCotter

　　　　　　　　　　　　　　　　　　*Counsel for Petitioners*